(64 App. Div. 540.)

### LAKE et al. v. KESSEL et al.

(Supreme Court, Appellate Division, Second Department.    October 23, 1901.)

PARTITION—GUARDIAN AD LITEM—DISQUALIFICATION OF GUARDIAN—SALE—
PURCHASER—RELIEVING PURCHASER.

    Inasmuch as court rule 49 forbids the appointment as guardian ad
litem of one who is connected in business with the counsel or attorney
of the adverse party, where in partition a clerk in the office of plaintiff's
attorney was appointed guardian ad litem of an infant defendant such
appointment was good ground for relieving a purchaser at the partition
sale from his purchase prior to the passing of title.

    Appeal from special term, Kings county.

    Partition by Elizabeth Lake and others against Adam Kessel and
others. From an order relieving Louis F. Gross, purchaser at the
partition sale, from his purchase, plaintiffs appeal. Affirmed.

    Argued before GOODRICH, P. J., and BARTLETT, HIRSCH-
BERG, JENKS, and SEWELL, JJ.

    Richard Cohn, for appellants.

    Fred. L. Gross, for respondent Gross.

    GOODRICH, P. J. The respondent Gross at a sale in parti-
tion became purchaser of the premises, making a deposit of $250
with the referee. He made a motion at special term to be relieved
from his purchase, and that the referee pay him certain expenses.
Among the objections assigned by him for his refusal to complete
the purchase was the fact that George M. Schnizel was appointed
guardian ad litem of certain infant defendants, being at the time of
said appointment connected with the office of the plaintiffs' attor-
neys. Rule 49 forbids the appointment of guardian ad litem of one
"who is connected in business with the counsel or attorney of the
adverse party." The record shows that Mr. Schnizel was a clerk in
the office of the plaintiffs' attorneys (though intending to dissolve
his connection with them) at the date of his appointment as guard-
ian of the infant defendants in this action. . For this reason the ob-
jection to the title was well taken, and it was proper that the pur-
chaser should be relieved from his purchase and repaid the amount
of his bid, with interest, together with his expenses of examining
title.

    This order should be affirmed upon the doctrine of Hecker v. Sex-
ton, 43 Hun, 593, 596. Although that was a mortgage foreclosure
suit, the rule there announced seems to be equally applicable in par-
tition. In so deciding, we shall not run any risk of disturbing titles
based on partition sales where the same rule may have been vio-
lated, and no suggestion of that fact was made until after the title
was passed. "I am of the opinion," says Macomber, J., in the case
cited, "that any person actually interested in a pecuniary way in
having a clear and unassailable judgment record as the foundation
of his title to real estate has the right to object, if done seasonably,
as has been done by this purchaser, to a judicial proceeding prohib-
ited by the general rules of practice." An objection which is based
on a mere irregularity may well be, and, indeed, often ought to be,
sustained, when made in the very proceeding itself before the pass-
ing of title, where the same objection might not be deemed fatal to

the title in the hands of a purchaser taking without knowledge of such irregularity. The order, however, contains an additional clause directing the payment to the purchaser of interest on $2,000 which he borrowed to enable him to complete his purchase. This clause of the order was without warrant. The order should be modified by striking out the clause in question, and, as modified, affirmed, without costs of this appeal to either party.

Order modified, without costs, in accordance with the opinion of GOOD-RICH, P. J. All concur.